William H. HAYES *v.* DIRECTOR,
Employment Security Department

E 02-232                                           95 S.W.3d 826

Court of Appeals of Arkansas
Division IV
Opinion delivered January 22, 2003

Appeal from Arkansas Board of Review; remanded.

*Appellant, pro se.*

*Phyllis A. Edwards,* for appellee.

Andree Layton Roaf, Judge. William H. Hayes challenges the decision of the Arkansas Employment Security Department Board of Review, which denied his claim for unemployment benefits upon the finding that he voluntarily left his last work without good cause connected with the work pursuant to Ark. Code Ann. § 11-10-513 (Repl. 2002). Because we cannot discern from the record the connection with the State of Arkansas, and consequently, the jurisdictional basis for this claim, we remand to the Board for findings on this issue.

The record before us reflects that Hayes was employed by Labor All Personnel Services, a company that supplied workers to clients on a temporary basis. Labor All is located in Garland, Texas, and Hayes resided in Richardson or Dallas, Texas. At the time his claim arose, Hayes was on assignment to work at Flextronics, a company located in the Garland, Texas, area. According to Labor All's testimony and documentation, Hayes failed to report back to their offices as required after his assignment with Flextronics ended; Hayes disputed this testimony and asserted that he reported by telephone and was instructed to do so by Labor All staff. The Agency found that Hayes was not disqualified from receiving benefits and Labor All appealed. The ALJ reversed and the Board affirmed the ALJ, finding that Hayes had voluntarily left his last work without good cause connected to the work.

Although we can find no case that has discussed the jurisdiction of the Arkansas Employment Security Department over unemployment claims arising out of employment in another state, it appears from the pertinent statutes that such jurisdiction must arise from a direct connection with either the employer or the employee/claimant, *see* Ark. Code Ann. §§ 11-10-207, 209,

and 211 (Repl. 2002), or through reciprocal arrangements with other states and federal agencies where an employer performs services in more than one state or maintains a place of business in more than one state, *see* Ark. Code Ann. § 11-10-544 (Repl. 2002).

In this case Hayes apparently filed his initial claim for benefits at the Fort Smith office of the Employment Security Department. An agency log reflects that Hayes asserted by telephone to the agency on January 29, 2002, that he had been laid off by Labor All on October 19, 2001, and had to move "back to Arkansas" the week before Thanksgiving 2001 because of lack of employment. However, all documents in the record bear a Spiro, Oklahoma, address for Hayes, including the initial notice of agency determination mailed to Hayes from the Fort Smith office on January 30, 2002, advising him that he was not disqualified for unemployment benefits.

■ Based on the record, we cannot discern whether Hayes ever resided in Arkansas. Consequently, we do not consider whether any such residence, if temporary, would confer jurisdiction on the Department pursuant to Ark. Code Ann. § 11-10-544 or otherwise. We remand to the Board of Review for further proceedings as may be necessary to make these determinations.

Remanded.

VAUGHT and CRABTREE JJ., agree.